UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ASHLEY WIGGINS**
**o/b/o H.C.,**

   **Plaintiff,**

v.                Case No: 6:23-cv-2024-EJK

**COMMISSIONER OF SOCIAL**
**SECURITY,**

   **Defendant.**

## ORDER[1]

Plaintiff, a minor child, appeals the administrative decision denying the child's application for Supplemental Security Income ("SSI"). (Doc. 21 at 1.) Plaintiff has exhausted the available administrative remedies, and the case is properly before the Court. The undersigned has reviewed the record, the parties' memoranda (Docs. 21, 24), and the applicable law. For the reasons stated herein, the Court **REVERSES** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g).

**I. ISSUES ON APPEAL**

Plaintiff raises the following issues on appeal:

1. Whether the ALJ erred by failing to fully and fairly develop the record; and

---

[1] On March 12, 2024, both parties consented to the exercise of jurisdiction by a magistrate judge. (Doc. 23.) The case was referred by an Order of Reference on April 4, 2024. (Doc. 25.)

2. Whether the Appeals Council was in error in failing to remand the claim upon receipt of new and material evidence.

(Doc. 21.)

## II. STANDARD OF REVIEW

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III. ANALYSIS

### A. Whether the ALJ erred by failing to fully and fairly develop the record.

Plaintiff was 8 years old at the time of his SSI application dated October 18, 2021, and 9 years old on the date of the ALJ's May 3, 2023 decision. (Tr. 12.) The ALJ uses a three-step, sequential evaluation process to determine whether a claimant under the age of 18 is disabled. 20 C.F.R. § 416.924(a). Under this process, the ALJ evaluates: (1) whether the child is engaged in substantial gainful activity; (2) whether the child has a severe and medically determinable impairment or combination of impairments; and (3) whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the severity of an impairment in the

Listing of Impairments. 20 C.F.R. §§ 416.924(a)–(d). At step three, to determine whether the child's impairments "functionally equal" a listed impairment, the ALJ looks at whether the child has "marked" limitations in at least two of six "broad areas of functioning" called domains, or an "extreme" limitation in one domain. *Id.* § 416.926a(a), (b)(1), (d). These six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *Id.* § 416.926a(b)(1).

Plaintiff asserts that the ALJ failed to fully and fairly develop the record because the ALJ did not obtain a teacher questionnaire to understand Plaintiff's level of functioning. (Doc. 21 at 6.) Plaintiff asserts it was particularly incumbent on the ALJ to fully develop the record because Plaintiff was unrepresented at the hearing. (*Id.*) The Commissioner asserts that this argument amounts to improper burden shifting, because it is Plaintiff's burden, not the Commissioner's, to establish Plaintiff's disability. (Doc. 24 at 1.) The Commissioner argues that the ALJ had no duty to seek out additional evidence regarding Plaintiff's functional limitations because the record contained sufficient evidence for the ALJ to make an informed decision. (*Id.*)

"The ALJ has a duty to develop the facts fully and fairly." *Todd v. Heckler*, 736 F.2d 641, 642 (11th Cir. 1984). This duty exists whether or not the Plaintiff is represented.[2] *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995). "In evaluating the

---

[2] The record indicates Plaintiff's mother elected to proceed at the hearing without a representative. (Tr. 83–84.)

necessity for a remand, [the court is] guided by whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Id.* at 935 (internal quotation marks omitted).

The record the ALJ reviewed was adequately developed such that the ALJ's opinion is based on substantial evidence. In addition to the medical evidence, the ALJ reviewed several educational records. (*See* Tr. 16 (citing elementary school records at Exhibits 1E, 4F, and 8F).) The ALJ noted that Plaintiff was tardy or absent from class on occasion and that Plaintiff's 504 plan referenced difficulty in areas including math, science, and social studies. (*Id.*) Plaintiff does not point the Court to any authority indicating that the ALJ was required to do more—specifically, to obtain a teacher questionnaire—to fully develop the record. *See Holland ex. rel West v. Comm'r of Soc. Sec.*, 842 F. App'x 344, 349 (11th Cir. 2021) (unpublished) (finding the ALJ was not required to provide a more detailed accounting of education records where the ALJ merely "reviewed" the records).

The ALJ thoroughly reviewed Plaintiff's medical history in determining that Plaintiff was not disabled, applying the three-step sequential analysis used to determine whether a child is disabled. (Tr. 17–22.) The ALJ discussed Plaintiff's treatment at Park Place Behavioral Care, noting that Plaintiff was referred due to educational problems. (Tr. 17.) Plaintiff's memory and thought content were within normal limits. (Tr. 17–18.) While Plaintiff was distractable and inattentive, these difficulties were only occasional. (Tr. 18–19.) Further, while Plaintiff had temper tantrums at school, his behavior was within normal limits. (Tr. 19–20.) He was also

able to move his body without limitations, playing football and independently accomplishing activities of daily living. (Tr. 20.) Plaintiff also had no indication of developmentally regressive activities (Tr. 21) or other limitations in health and physical well-being (Tr. 22).

In making these findings, the ALJ also heavily relied on the opinions from the state agency medical consultants, who reviewed the matter at the initial and reconsideration levels. (Tr. 16.) Both examiners found that Plaintiff was not disabled. Specifically, Plaintiff only had "marked" limitations in the domain of attending and completing tasks, but no more than "less than marked" limitations in the remaining domains. (Tr. 95–98; 102–108.) The ALJ also relied on Dr. Christina Caldwell, Psy.D., who examined Plaintiff in July 2022. (Tr. 16.) The ALJ found persuasive Dr. Caldwell's finding that, while Plaintiff had an I.Q. of 77, there was no support for a diagnosis of a learning disability. (*Id.*)

Because the ALJ's opinion was based on substantial evidence, and Plaintiff has not demonstrated that failure for the ALJ to obtain a teacher questionnaire resulted in unfairness or prejudice to Plaintiff, Plaintiff's argument fails.

### B. Whether the Appeals Council was in error in failing to remand the claim upon receipt of new and material evidence.

Next, Plaintiff argues that the Appeals Council should have remanded Plaintiff's case after Plaintiff's mother obtained and submitted a teacher questionnaire dated May 26, 2023. (Doc. 21 at 7; *see also* Tr. 2.) Plaintiff asserts that, if credited, the teacher questionnaire would have altered the ALJ's decision. (*Id.*) The Commissioner

responds that the Appeals Council properly declined to remand the case after submission of the teacher questionnaire because it did not relate to the period at issue. (Doc. 24 at 11–12.) The Commissioner also argues that Plaintiff has failed to demonstrate that the new evidence would create a reasonable probability of changing the outcome. (Tr. 12.)

Generally, a "claimant is allowed to present new evidence at each stage of [the] administrative process." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). Under 20 C.F.R. § 416.1470(a)(5), the Appeals Council will accept review based on a claimant's submission of additional evidence where the evidence in question is: (1) new, (2) material, (3) relates to the period on or before the date of the ALJ's hearing decision, and (4) creates a reasonable probability that it would change the outcome of the decision. *See also Sanders v. Soc. Sec. Admin., Comm'r*, 854 F. App'x 311, 315–16 (11th Cir. 2021) (unpublished) (stating that the Appeals Council "must consider new, material, and chronologically relevant evidence" (internal quotation marks omitted)).

"Evidence is material if a reasonable possibility exists that the evidence would change the administrative result." *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018) (citing *Washington v. Soc. Sec. Admin.*, 806 F.3d 1317, 1321 (11th Cir. 2015)). The evidence is new if it is submitted to the Appeals Council after the ALJ's decision. *See Washington*, 806 F.3d at 1321. "New evidence is chronologically relevant if it 'relates to the period on or before the date of the [ALJ's] hearing decision.'" *Id.* (quoting 20 C.F.R. § 404.970(b)).

As previously stated, the ALJ issued her final decision on May 3, 2023. (Tr. 8.) The Appeals Council issued its denial on September 11, 2023. (Tr. 1.) The teacher questionnaire was completed on May 26, 2023, after the ALJ issued her decision. (Tr. 2, 50–57.) In declining to review the additional evidence, the Appeals Council stated: "This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before May 3, 2023." (Tr. 2.)

However, a review of the teacher questionnaire indicates it was filled out by Plaintiff's homeroom teacher, who had known Plaintiff for the entire preceding school year at the time she filled out the questionnaire (over ten months). (Tr. 50, 57 (noting that the form was filled out by Plaintiff's third grade teacher); Tr. 84 (reflecting that Plaintiff was in third grade at the time of the hearing).) Therefore, it plainly related to the period at issue, which was the time period prior to May 3, 2023, and the Appeals Council was incorrect in concluding otherwise. Thus, the remaining question is whether the teacher questionnaire had a reasonable probability of changing the outcome of the ALJ's decision.[3]

---

[3] The Appeals Council did not make any additional findings regarding whether the teacher questionnaire would have altered the ALJ's decision. However, it did not have to under Eleventh Circuit precedent. Where the Appeals Council denies review of the ALJ's decision, as was done here, "no detailed explanation of its decision or a discussion of the additional evidence" is necessary. *Sanders*, 854 F. App'x at 316; *see also Mitchell v. Comm'r of Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014) (holding the Appeals Council is not required to explain its rationale for denying a request for review).

Plaintiff makes a blanket assertion that if the ALJ had credited the teacher questionnaire, the ALJ would have altered her decision regarding Plaintiff's disability. (Doc. 21 at 7.) However, Plaintiff has not put forth a more specific argument that the teacher questionnaire created a reasonable probability of changing the outcome of the ALJ's decision, other than to assert the questionnaire "was completed just a few weeks after the ALJ's decision." (*Id.*)

The Commissioner argues the teacher questionnaire had no probability of changing the ALJ's decision, because it was not medical evidence. (Doc. 24 at 12–13.) But nonmedical information can be relevant under the regulations, as the ALJ is to consider "all evidence" in the case record, including evidence from medical and nonmedical sources, such as the child's parents and teachers. 20 C.F.R. § 416.924a(a); *Beavers v. Soc. Sec. Admin., Comm'r*, 601 F. App'x 818, 821 (11th Cir. 2015) (unpublished).

The Commissioner also argues that the teacher's questionnaire does not warrant overturning the ALJ's decision because it does not demonstrate that Plaintiff has anything more than "marked" limitations in the sole domain of attending and completing tasks. Stated differently, the teacher's questionnaire cannot show that Plaintiff has worse limitations than "less than marked" in the other five domains. (Doc. 24 at 13.) But the undersigned is not convinced. The teacher questionnaire indicated that Plaintiff has problems functioning in the domains of acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for himself, and physical wellbeing.

*Cf. Beavers*, 601 F. App'x at 823 (finding that, while the teacher questionnaire only loosely corresponded to the domains listed in the regulations, the teacher's overall evaluation was consistent with the ALJs findings). Therefore, the teacher's evaluation found more serious limitations than the ALJ's conclusions on several of the domains at issue.

For example, in the domain of acquiring and using information, the teacher found that Plaintiff had a very serious problem recalling and applying previously learned material, a serious problem in understanding school and content vocabulary, and in comprehending and doing math problems, and obvious problems in several other areas, like comprehending oral instructions. (Tr. 51.) In the domain of interacting and relating with others, the teacher found that Plaintiff had a serious problem seeking attention appropriately and expressing anger appropriately. (Tr. 53.) In the domain of caring for himself, the teacher identified that he had a serious problem in identifying and appropriately asserting emotional needs. (Tr. 55.) To find a "marked" limitation, the ALJ must find that the impairment(s) interferes seriously with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2). Therefore, the undersigned finds the new evidence is "material," because there is a "reasonable possibility" the ALJ would have made a "marked" finding in one of the other five domains, given the conclusions in the teacher questionnaire. Accordingly, the Appeals Council erred in denying Plaintiff's petition for review based on newly submitted evidence.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

1. The Commissioner's final decision in this case is **REVERSED AND REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on November 8, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE